UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK WOOD, et al, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.           ) | No.   4:11cv00278HEA |
| ) | |
| AMERICAN RESIDENTIAL ) | |
| SERVICES, L.L.C., et al., ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

Currently before the Court are various motions filed on behalf of both Plaintiffs Mark Wood, Ken Wood and Doug Shepard (collectively "Plaintiffs"), and Defendant/Counter Claimants American Residential Services, L.L.C. and ARS Investment Holdings, LLC ("Defendants").  In the interest of judicial clarity, the Court will only address Plaintiff Doug Shepard's ("Plaintiff") Motion to Remand at this time, as the remaining pending motions are deemed moot in light of the Court's ruling on this motion.  For the reasons set forth below, the Court will grant Plaintiff's Motion to Remand Case to State Court [Doc #19].

## Background

Plaintiffs Mark Wood, Ken Wood, and Doug Shepard are former employees of American Residential Services L.L.C..[1] Plaintiffs performed plumbing services for Defendant American Residential Services L.L.C..  On September 1, 2010, Plaintiffs' employment ended.  Plaintiffs brought suit against Defendants in the Circuit Court of St.  Louis County.  Plaintiffs' petition alleged the following: 1) Count I - Wrongful Termination - Public Policy Exception; 2) Count II - Retaliatory Discharge in Violation of 29 U.S.C. § 201, *et seq.*; 3) Count III - Retaliatory Discharge and Discrimination - §287.780, RSMo.  On February 11, 2011, Defendants filed their Notice of Removal pursuant to 28 U.S.C. § 1331, 1332 and 1441(c).

### *Plaintiff Doug Shepard's Motion to Remand Case to State Court*

Plaintiff Shepard filed a motion to remand the case, arguing that this Court lacks subject matter jurisdiction over Count III of Plaintiff's Petition. "Federal courts are courts of limited jurisdiction. They possess only that

---

[1] Plaintiffs allege that they were also employed by ARS Investment Holdings, LLC; however, Defendant denies that Plaintiffs were employed by the entity.

power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331.  *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied.  *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts.  *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).  Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand.  *See In re Bus. Men's Assurance Co.*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997).  If "at any time before final judgment it appears that the

district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

Plaintiffs' Count III of their petition alleges retaliatory discharge in violation of Rev. Mo. § 287.780, Missouri's Workers Compensation Chapter. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). While Plaintiffs' Count II of their petition presents a federal question claim under the Fair Labor Standards Act 29 U.S.C. § 201 ("FLSA"), and there is diversity jurisdiction amongst the parties, our circuit has held that if §1445(c) applies, a case is not removable even if it holds a federal question or diversity. *Johnson v. AGCO Corp.,* 159 F.3d 1114, 1116 (8th Cir. 1998); *Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1245 (8th Cir.1995)(holding that plaintiff's action for retaliatory discharge under Mo.Rev.Stat. § 287.780 arose under Missouri's workers' compensation laws and was not removable under 28 U.S.C. § 1445(c)).

In the present case, Plaintiffs allege both state law and federal question claims. Plaintiffs allege a state law claim including a violation under

4

Missouri's worker's compensation laws, specifically Mo.Rev.Stat. § 287.780. Just like the plaintiffs in *Humphrey* and *Johnson* whose cases were remanded because the court held their retaliatory claims arose under Missouri's workers' compensation laws and, thus, could not be removed under 28 U.S.C. § 1445(c), Plaintiffs' retaliatory discharge claim should not be removed regardless of whether the Court has proper subject matter jurisdiction.[2]

### *Plaintiff's Request for Attorney Fees*

Plaintiff Shepard contends that because Defendants had no basis for removing Counts I and III, he is entitled to attorney's fees. Doc #20. 28 U.S.C. § 1447(c) provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subect matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a).[3] If at any time before final judgment it appears that the district court lacks subject

---

[2] Although the Court is remanding a case that contains a federal question, judicial economy warrants in favor of allowing the state court to deal with all of the claims together. *Burris v. Zale Delaware, Inc.,* 2009 WL 3762987 (W.D.Mo., 2009).

[3] While it is not in contention, the Court points out Plaintiff did not wiave the right to remand the case because she filed her motion to remand within the 30 day statutory period set out in 28 U.S.C. § 1447(c). Thus, Plaintiffs are within their statuory right to have their case remanded back to the Circuit Court of St. Louis County, Missouri.

5

matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal...

The United States Supreme Court has held that "[a]bsent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Captial Corp.,* 546 U.S. 132, 141 (U.S. 2005) (emphasis added). In the present case, Defendants argue that they had an objectively reasonable basis for removal. Count II of Plaintiffs' petition was brought under the FLSA, 29 U.S.C. § 2101 *et seq.* Defendants contend that they removed this case to federal court based on both existence of federal question jurisdiction under Count II and complete diversity of citizenship, pursuant to 28 U.S.C. §§ 1331; 1332. Doc #29 at 3.[4] As such, the Court finds that Defendants did, in fact, have an objectively reasonable basis to remove the case to federal court and denies Plaintiff Shepard's request for attorney fees.

---

[4]Defendant Residential Services, L.L.C. is not a Missouri resident, nor is ARS Investment Holdings, LLC.

6

## Conclusion

Based on the analysis above, the Court finds that Plaintiffs' Motion to Remand is granted, and attorney's fees are not permitted. As such, all pending motions will be deemed as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff Doug Shepard's Motion to Remand [Doc #19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Doug Shepard's request for attorney fees pursuant to 28 U.S.C. § 1447(c) is **DENIED.**

Dated this 3rd day of May, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE